NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3938
_____

JOSE SANTOS BONILLA,
AKA Jose Santos Bonilla Rivas,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A201-246-035)
Immigration Judge: Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2016

Before: JORDAN, VANASKIE, and NYGAARD, Circuit Judges

(Opinion filed: October 19, 2016)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Jose Santos Bonilla petitions for review the Board of Immigration Appeals' decision to deny his motion to reconsider. We will deny the petition.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. We review for an abuse of discretion. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir. 2004).

Bonilla is a native of Honduras. On December 12, 2012, the Immigration Judge ruled that Bonilla is subject to removal. He was served in court an order subjecting him to removal and granting him voluntary departure. He did not appeal it. He filed a "motion to reopen and reconsider" on March 13, 2013, claiming eligibility for various forms of relief: cancellation of removal, asylum, withholding of removal and relief under the regulations implementing the Convention Against Torture. The Immigration Judge denied the motion to reopen and the BIA upheld this decision, ruling that Bonilla's motion to reconsider was untimely and the motion to reopen was not supported by the evidence. In July 2015, Bonilla timely filed a motion to reconsider the Board's affirmance of the Immigration Judge's decision.

We find nothing in the record to demonstrate that the BIA erred by denying Bonilla's 2015 motion to reconsider. The BIA properly exercised its jurisdiction to determine the Immigration Judge's jurisdiction. It also correctly determined that Bonilla's March 13, 2013 motion to reconsider was filed well beyond the thirty-day period that commenced when the Immigration Judge filed the removal order on

December 12, 2012. 8 C.F.R. § 1003.2(b)(2). Moreover, as the Board noted, Bonilla explicitly denied seeking sua sponte relief and he did not raise any other basis to avoid the time limit.

As for Bonilla's motion to reopen, we understand Bonilla to argue that his previous attorney's inaction is the reason that the asylum, withholding of removal and CAT relief claims advanced in that motion were not filed prior to the Immigration Judge's entry of the order granting voluntary departure. Yet, he expressly does not assert ineffective assistance of counsel. Rather, he seems to contend that prior counsel's handling of the case is relevant because counsel's failure to file petitions for relief while his case was before the Immigration Judge justifies characterizing the documents and information he now presents as "new evidence," for purposes of his motion to reopen. 8 C.F.R. § 1003.23. As a result, he argues that the Board erred by affirming the Immigration Judge's conclusion that there was insufficient evidence to support the motion to reopen. Bonilla fundamentally misunderstands his burden of proof.

In his motion to reopen, Bonilla must proffer new evidence that he could not have presented prior to the entry of the order granting voluntary departure. *Id.* His mere reliance on missed opportunities by prior counsel does not meet his burden of showing why his evidence could not have been presented when the case was before the Immigration Judge, before voluntary departure was granted. As the BIA noted, asserting a formal claim of ineffective assistance might have sufficed. However, Bonilla's disavowal of such a claim, and his lack of compliance with any of the procedural prerequisites to assert such a claim (*Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988))

3

eliminated this possibility.  Therefore, we conclude that the BIA did not err by denying

Bonilla's motion to reopen as to his claims of eligibility for asylum, withholding of

removal, and CAT relief.

As to the cancellation of removal claim, Bonilla was barred from such

discretionary relief because of his failure to comply with the voluntary departure order.  8

C.F.R. § 1003.23(b)(1).  However, even if such a bar did not apply, Bonilla contradicted

his own statements about when he entered the United States, saying at different times that

he arrived in 2001, 2002 and 2010.  This, alone, undermined any claim to such relief.

Moreover, although he claims to now have an American-born baby daughter, he failed to

provide specific evidence of particular hardships that he and his family would face if he

returned to Honduras.[1]  He made only vague assertions grounded in general references to

conditions in the Honduras.  The BIA did not err by denying Bonilla's motion for

reconsideration of its earlier denial of his motion to reopen on the claim of cancellation of

removal.

Finally, Bonilla says that, because prior counsel withdrew at the hearing on

December 12, 2012, the Immigration Judge violated his due process rights by failing to

give him a continuance at that time.[2]  He tacitly argues that this prejudiced his ability to

seek relief later.  Bonilla never explicitly raised his due process claims to the BIA,

---

[1] Bonilla had already attempted to claim hardship on the basis of dependent step-children. But, even if we were to consider this as a basis for relief, Bonilla made contradictory statements about whether the mother of these children was his girlfriend or wife.

[2] Bonilla argues that he was not aware that counsel withdrew at that time, even though the record indicates that Bonilla was present, and expressed a desire for counsel to be withdrawn.

4

although he did complain to the BIA about the Immigration Judge's handling of this case. Regardless, the record contradicts any assertion of prejudice, and this is fatal to his cause. Bonilla was subjected to removal and granted voluntary departure by an order served on him in court where he was informed, in his native Spanish, of his right to appeal. He failed to appeal. Accordingly, the record does not support his assertions of due process violations.

For all of these reasons, we will deny the petition for review.